# United States Tax Court

T.C. Memo. 2023-109

R. J. CHANNELS, INC.,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 17446-21.                    Filed August 28, 2023.

————

Ronald J. Channels (an officer), for petitioner.

*Vincent A. Gonzalez* and *Sheri A. Wight*, for respondent.


## MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, *Judge*: The sole issue for decision is whether the Court should strike the parties' revised Proposed Stipulated Decision.[1]

## FINDINGS OF FACT

On February 23, 2021, respondent issued petitioner, R. J. Channels, Inc., a California corporation, a notice of deficiency relating to 2017. Petitioner attached a partial copy of the notice of deficiency (Petition Notice) to the Petition timely filed on May 12, 2021. The Petition Notice included the first page of the notice of deficiency; Form 4549–A, Report of Income Tax Examination Changes; and Form 886–A, Explanation of Items. The front page of the Petition Notice was

_____

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

[*2] stamped "ORIGINAL" and set forth respondent's determination of a deficiency and a section 6663 civil fraud penalty.

On September 29, 2021, the Court filed respondent's timely Answer signed by Vincent A. Gonzalez and Sheri A. Wight. Attached to respondent's Answer was a copy of a notice of deficiency (Answer Notice) that respondent alleged was a "complete copy." The first page of the notice of deficiency in the Answer Notice was stamped "ORIGINAL." The Answer Notice contained a Continuation Sheet with an "Interest on Deficiencies" section and a "Civil Fraud Penalty IRC section 6663" section.

On October 3, 2022, the Court filed the parties' Proposed Stipulated Decision. The parties stipulated a section 6662(a) accuracy-related penalty, yet there was no reference to this penalty in the record. In response on October 17, 2022, the Court struck the Proposed Stipulated Decision and ordered appropriate revisions.

On November 1, 2022, the Court filed the revised Proposed Stipulated Decision which was accompanied by a Status Report (respondent's first Status Report) signed by Wight. The revised Proposed Stipulated Decision set forth a deficiency, a civil fraud penalty, and an accuracy-related penalty. Respondent's first Status Report stated:

> [R]espondent wishes to clarify that respondent asserted the I.R.C. § 6662 accuracy-related penalty as an alternative penalty to the I.R.C. § 6663 civil fraud penalty in this case. This is reflected on the "Continuation Sheet" and the "Civil Penalty Approval Form" included with the notice of deficiency, dated February 23, 2021, a complete copy of which is attached hereto as **Exhibit A.**

Exhibit A of respondent's first Status Report included another notice of deficiency (Status Report Notice). The first page of the Status Report Notice was stamped "FILE COPY." The Continuation Sheet accompanying the Status Report Notice had an "Interest on Deficiencies" section, a "Civil Fraud Penalty IRC section 6663" section, and an "Alternative Penalty Position" section. The "Alternative Penalty Position" section was in a different font size, had different margins, and was diagonal relative to the other sections.

Upon review of the revised Proposed Stipulated Decision and the multiple versions of the notice of deficiency, the Court ordered

**[\*3]** respondent to explain the discrepancies between the Answer Notice and the Status Report Notice. On November 18, 2022, the Court filed respondent's Status Report (respondent's second Status Report) which was signed by Wight. Respondent stated:

> 4. Upon review, several discrepancies exist between the "complete copy" attached to respondent's Answer ("Answer Notice") and the complete copy attached to respondent's November 1 Status Report ("Status Report Notice"), including: (1) the Continuation Sheets in the Answer Notice exclude respondent's alternative penalty position of I.R.C. § 6662, while the Status Report Notice's Continuation Sheet includes it; (2) the Answer Notice excludes the signed Civil Penalty Approval form reflecting signed managerial approval of the I.R.C. § 6662 penalty as an alternative but the Status Report Notice includes it; and (3) the Form 886–A, Explanation of Items, is only included with the Status Report Notice.

> 5. At the time the Answer was filed in this case, respondent's counsel did not possess the case's physical administrative file due to constraints imposed by the COVID-19 pandemic and could not obtain said file prior to the Answer's deadline. As a result, respondent's counsel attempted to reconstruct a complete and accurate copy of the notice of deficiency to attach to the Answer. This reconstruction process involved accessing records kept in an electronic database and extracting the first page of the incomplete copy of the notice of deficiency attached to the petition, as the Letter 531 version on the database was undated. Respondent's counsel notes that this explains why the first page of the Answer Notice is stamped "ORIGINAL," despite the rest of the Answer Notice stemming from electronic database records. Unfortunately, during the reconstruction process, respondent's counsel inadvertently excluded the signed civil penalty approval form and Form 886–A, as well as missed that the Letter 531 on respondent's electronic database originated from a draft version of the notice that excluded the I.R.C. § 6662 alternative penalty position on the Continuation Sheet.

In an attempt to replicate what he believed the IRS had sent to petitioner, Gonzalez accessed documents from electronic databases,

[*4] combined the first page of the Petition Notice with a draft version of a notice of deficiency, and created the Answer Notice. After receiving respondent's second Status Report, the Court ordered a status hearing to review the documents at issue.

On February 7, 2023, the Court held a hearing attended by Gonzalez and Wight, respondent's counsel. Petitioner did not attend. Gonzalez stated that after the onset of the COVID-19 pandemic it became a "common practice to reconstruct the SNOD [statutory notice of deficiency] when we didn't have access to the admin file." Gonzalez admitted he knowingly submitted the reconstructed Answer Notice which he and Wight signed. Wight stated that, at the time respondent submitted the Answer, she was not aware that Gonzalez had reconstructed the Answer Notice. When the Court asked why respondent's counsel, in respondent's first Status Report, failed to inform the Court of the discrepancies between the Answer Notice and the Status Report Notice, Wight stated: "I was simply hoping that just by attaching a complete copy back with the Status Report it would at least put the correct notice on record."

On May 19, 2023, the Court ordered petitioner to "submit a complete copy of the notice of deficiency that petitioner received from the Internal Revenue Service." In an attempt to comply with the Order, petitioner responded by sending a notice relating to years not at issue. On June 15, 2023, the Court again ordered petitioner to submit a complete copy of the notice of deficiency. In response petitioner submitted to the Court a copy of the Petition Notice.

Gonzalez and Wight contend that the Status Report Notice was sent to petitioner. Petitioner contends he received the Petition Notice.

OPINION

Respondent's counsel submitted to the Court, as an attachment to the Answer, the Answer Notice. This version of the notice was labeled "ORIGINAL" and purportedly was a "complete copy" of the notice of deficiency sent to petitioner. To the contrary, the Answer Notice was reconstructed from the Petition Notice and a draft version of the notice of deficiency from electronic databases. Respondent could have simply requested additional time to file his Answer. *See generally* Rule 25. Instead, respondent created a new document. Thus, the Status Report Notice was materially different from the Answer Notice but was submitted by respondent's counsel as a "complete copy" of the notice sent

**[*5]** to petitioner. Moreover, both the Answer Notice and the Status Report Notice were materially different from all other notices in the record.

Respondent's conduct falls woefully short of our expectations for practitioners who regularly appear before this Court. Respondent's counsel knew that the Answer Notice was the byproduct of an undisclosed reconstruction process. Counsel failed, in respondent's first Status Report, to inform the Court of the reconstruction process. When questioned about the authenticity of the Answer Notice, respondent's counsel admitted he had knowingly submitted a reconstructed document.

We have no confidence that the slipshod-cut-and-paste Status Report Notice presented to the Court was the version of the notice of deficiency actually sent to petitioner. The statutory notice of deficiency is critical to both the adjudicative and settlement processes. Thus, respondent's "common practice" of reconstructing notices of deficiency is particularly disconcerting. Because respondent's reconstruction has created doubt as to whether respondent determined the accuracy-related penalty in the notice of deficiency sent to petitioner, striking the revised Proposed Stipulated Decision is warranted. The parties shall file a revised decision document.

*An appropriate order will be issued.*